**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN SCHNITZLER,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MANASSEH JORDAN MINISTRIES, INC.; MJ MINISTRIES SPREADING THE GOSPEL, INC.; AND YAKIM MANASEEH JORDAN A.K.A. PROPHET MANASSEH JORDAN,<br>　　　　　　　　　　　　Defendants. | Case No.: 3:20-cv-01444-H-MDD<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR AN ORDER ALLOWING SERVICE BY PUBLICATION, AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO EFFECT SERVICE**<br><br>[Doc. No. 13.] |

On July 27, 2020, Plaintiff Kevin Schnitzler filed a complaint against Defendants Manasseh Jordan Ministries, Inc.; MJ Ministries Spreading the Gospel, Inc.; and Yakim Manasseh Jordan A.K.A. Yakim Manasseh Jordan (collectively, "Defendants"). (Doc. No. 1.) The Court granted Plaintiff three extensions of time to serve Defendants. (Doc. Nos. 7, 9, 12.) On February 2, 2022, Plaintiff filed an ex parte motion for an order to authorize

service by publication, and an extension of time to serve Defendants. (Doc. No. 13.) For the reasons that follow, the Court denies Plaintiff's request to serve Defendants by publication and grants Plaintiff a thirty-day extension of time to serve Defendants.

### Background

### I. Procedural History

On July 27, 2020, Plaintiff filed a complaint against Defendants alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, et seq. (Doc. No. 1., Compl. ¶¶ 52–68.) Plaintiff alleges that beginning around November 2017, Defendants began calling and texting Plaintiff's cellular telephone number. (Id. ¶ 25.) Plaintiff alleges Defendants placed approximately 119 unauthorized calls and sent Plaintiff approximately 30 text messages with "disturbing, unsolicited, [and] impersonal form text messages." (Id. ¶¶ 26–27.)

On July 28, 2020, the Clerk issued the summons. (Doc. No. 2.) On May 11, 2021, the Court schedule a hearing for dismissal for failure to serve pursuant to Local Rule 4.1(b). (Doc. No. 4.) On June 14, 2021, the Court held a hearing for failure to serve, and permitted the Plaintiff to file a response by July 6, 2021. (Doc. No. 5.) On July 8, 2021, Plaintiff filed a declaration objecting to dismissal of the action. (Doc. No. 6.) On July 13, 2021, the Court granted Plaintiff a thirty-day extension to serve Defendants. (Doc. No. 7.) On August 12, 2021, Plaintiff's counsel filed a declaration objecting to dismissal of the action and requesting additional time to serve Defendants. (Doc. No. 8.) On August 17, 2021, the Court granted Plaintiff a thirty-day extension to serve Defendants. (Doc. No. 9.) On November 8, 2021, the Court scheduled a hearing for dismissal for failure to serve pursuant to Local Rule 4.1(b). (Doc. No. 10.) On December 13, 2021, the Court held a hearing for failure to serve. (Doc. No. 12.) On December 14, 2021, the Court granted Plaintiff another thirty-day extension to serve Defendants. (Doc. No. 12.) By the present ex parte motion, Plaintiff requests an order authorizing service by publication and mail pursuant to California Civil Code of Procedure 415.50. (Doc. No. 13.) Plaintiff also request an extension of time to serve Defendants. (Id.)

## Discussion

### I. Legal Standard for Service by Publication

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual by any means permitted by the law of the state "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California permits service by publication if two factors are met: "if upon affidavit it appears to the satisfaction of the court in which the action is pending" that (1) "the party to be served cannot with reasonable diligence be served in another manner specified in this article;" and (2) a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a). If service by publication is appropriate, "[t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." Id. at § 415.50(b).

"Consistent with the notions of fair play and due process, substitute service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." Calvert v. Al Binali, 241 Cal. Rptr. 3d 42, 49–50 (App. Ct. 2018) (citation omitted). "Personal service remains the method of choice under the statutes and the constitution," and "[w]hen substitute or constructive service is attempted, strict compliance with the letter and spirit of the statute is required." Id. "Before allowing a plaintiff to resort to service by publication, the courts necessarily require [the plaintiff] to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." Watts v. Crawford, 896 F.2d 807, 811 n.5 (Cal. 1995). "[T]he term 'reasonable diligence'…denotes a thorough, systematic investigation and inquiry conducted in good faith by the party of his agent or attorney." Kott v. Super. Ct., 53 Cal. Rptr. 4th 1126, 1137 (App. Ct. 1996). To satisfy the "reasonable diligence" burden, "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal

property index in the assessor's office, near the defendant's last known location, are generally sufficient." Id. "The question is whether the plaintiff took the steps a reasonable person who truly desired to give notice of the action would have taken under the circumstances." Rios v. Singh, 280 Cal. Rptr. 3d 404, 412 (App. Ct. 2021). "That a plaintiff has taken one or few reasonable steps does not necessarily mean that 'all myriad of other avenues' have been properly exhausted to warrant service by publication." Felix v. Anderson, No. 14-cv-03809-JCS, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015) (quoting Donel, Inc. v. Badalian, 150 Cal. Rptr. 855, 859 (App. Ct. 1978)).

## II. Analysis

### A. Defendant Yakim Manaseeh Jordan A.K.A. Prophet Manasseh Jordan

Plaintiff has not shown he has engaged in "reasonable diligence" to locate and serve Defendant Jordan. In support of Plaintiff's motion, Plaintiff's counsel submitted a declaration in which Plaintiff's counsel represents she "searched for alternate addresses to have Defendant Yakim Manasseh Jordan personally served in Florida and New York" but that "service attempts at these various addresses were unsuccessful and the current addresses for Defendants are unknown." (Doc. No. 13-1, Decl. Mona Amini ¶ 5.) Plaintiff's counsel did not describe the methods she used to search for addresses for Defendant Jordan nor did Plaintiff's counsel provide any details, such as dates or addresses, any attempts at service were made. As a result, the declaration does not demonstrate that "[a]ll leads hav[e] turned to dead ends." Combs v. Doe, No. C10-0120-HRL, 2010 WL 4065630, at *1 (N.D. Cal. Oct. 15, 2010) (permitting service by process after plaintiff conducted an internet WHOIS search, hired a private investigator, subpoenaed several internet companies in effort to discover defendants' true identities, and attempted service on several addresses); see also iHealth Labs, Inc. v. Fingix, i-Enterprise, No. 20-cv-05699-VKD, 2020 WL 7260600, at *3 (N.D. Cal. Dec. 10, 2020) (holding that plaintiffs cursory statements regarding attempts to contact the defendants were insufficient to meet the "reasonable diligence" requirement for service by publication); Castillo-Antonio v. Azurdia, No. C-1305709-DMR, 2014 WL 7206609, at *3 (N.D. Cal. Dec. 18, 2014) (denying service of

process by publication after the plaintiff hired a private investigator to track down the defendant and attempted personal service with a process server four times).

Additionally, Plaintiff's counsel submitted a declaration in support of Plaintiff's motion rather than an affidavit as required by § 415.50. See Bell-Sparrow v. Wiltz, No. C 12-0782-SI, 2013 WL 2146574, at *2 (N.D. Cal. May 15, 2013) (noting that the court "cannot quickly excuse plaintiff's deficiency" of providing a declaration rather than affidavit in support of an application for service by publication "[g]iven the serious due process concerns raised by permitting service through publication."). To warrant service by publication, strict compliance with the letter and spirit of the statute is required." Calvert, 29 Cal. App. 5th at 963. Accordingly, Plaintiff has failed to show that Plaintiff engaged in "a thorough, systematic investigation and inquiry conducted in good faith" to locate and serve Defendant Jordan as to warrant service by publication. Kott, 53 Cal. Rptr. 4th at 1137.

**B. Defendants Manasseh Jordan Ministries, Inc. and MJ Ministries Spreading the Gospel, Inc.**

Plaintiff has not shown he has engaged in "reasonable diligence" to locate and serve the corporate Defendants. In her declaration, Plaintiff's counsel represents she attempted to serve the corporate Defendants at the addresses of their registered agents in Texas and Georgia, but "the service attempts at these various addresses were unsuccessful." (Decl. Mona Amini ¶ 5.) Plaintiff's counsel also represents she mailed Notices of Lawsuit and Waivers of Service to the corporate Defendants' addresses and sent copies to the email addresses listed on the corporate Defendants' websites, but "the mail was returned as undeliverable and there was no response [to] the emails." (Id. ¶ 6.) Plaintiff's counsel represents she reached out to several attorneys who represented or are representing the corporate Defendants in closed and pending actions, but such attorneys indicated they were not authorized to accept service on the corporate Defendants' behalf. (Id. ¶¶ 7–9.) Plaintiff's counsel also represents that on July 13, 2021, "a Notice of Lawsuit and Request for Waiver of Service by Certified Mail was sent to Frank P. Juliano, the Chief Executive

Officer of Defendant Manasseh Jordan Ministries, Inc." (Id. ¶ 10.) Plaintiff's counsel represents that she was "able to confirm that the Notice of Lawsuit and Request for Waiver of Service and attached documents were successfully delivered to the address, but Plaintiff has not received any responses yet from Defendants of Mr. Juliano as of the date of this declaration." (Id.)

Federal Rule of Civil Procedure 4(h) permits service on a corporation in "the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). California law provides that "[a] summons may be served on a corporation by delivering a copy of the summons and the complaint" to either: (1) a designated agent; (2) an officer, manager, or other "person authorized by the corporation to receive service of process;" (3) to a cashier or assistant cashier if the corporation is a bank; or (4) to the Secretary of State, if permitted. Cal. Civ. Proc. Code. § 416.10. For foreign corporations, service on the California Secretary of State may be made:

> [i]f the agent designated for service of process is a natural person and cannot be found with due diligence at the address stated in the designation of if the agent is a corporation and no person can be found with due diligence to whom the delivery authorized by Section 2110 may be made for the purpose of delivery to the corporate agent, or if the agent designed is no long authorized to act, or if no agent has been designated and it is so shown by affidavit to the satisfaction of the court…

Cal. Corp. Code § 2111(a). Plaintiff alleges the corporate Defendants are foreign entities incorporated in Texas and Georgia respectively, and that despite "reasonably diligent" efforts, Plaintiff has been unable to serve the officers or agents of either corporate Defendant. (Doc. No. 13 at 3–4.) Accordingly, § 2111 is the appropriate method of substitute service for the corporate Defendants. See Indian Hills Holdings, LLC v. Christopher Frye, 337 F.R.D. 293, 306–09 (S.D. Cal. 2020) (holding that service by publication is not permitted for foreign corporations); Bd. of Trs. of the Cement Masons Health and Welfare Trust Fund for N. Cal. v. Indus. Commercial Concrete Constr., Inc., Nos. 14-cv-02064-JSC, 14-cv-02061-JSC, 2014 WL 5795064, at *3 (N.D. Cal. Nov. 5,

2014) ("Given this ability to serve the California Secretary of State after attempting personal service with reasonable diligence, it is not clear when, if ever, service by publication may be made against a corporation.").

Regardless, the Court is not persuaded Plaintiff engaged in "reasonable diligence" to locate and serve the corporate Defendants necessary to permit service by publication or service on the California Secretary of State. In her declaration, Plaintiff's counsel does not include any specific information about the addresses, methods, or dates of attempts at service on the agents or officers of either corporate Defendant. (Decl. Mona Amini.) The only specific attempt at serving either corporate Defendant mentioned in Plaintiff's counsel's declaration occurred in July 2021, when Mr. Juliano was sent the Notice of Lawsuit and Request for Waiver of Service. (Id. ¶ 10.) Plaintiff's counsel has not indicated if any additional attempts to personally serve Mr. Juliano or to locate or serve other agents or officers of either corporate Defendants were made. See Hannah v. Henriksen, No. EDCV 21-232 JGB, 2021 WL 5016880, at *2 (C.D. Cal. Apr. 22, 2021) (finding service by publication to be appropriate after forty-four personal service attempts at seven different locations); Giorgio v. Synergy Mgmt. Grp., LLC, 179 Cal. Rptr. 3d 465, 471–72 (App. Ct. 2014) (finding service by publication to be appropriate after seven attempts of personal service at the only verifiable address). As a result, Plaintiff has failed to show that "'all myriad of other avenues' have been properly exhausted to warrant service by publication" for the corporate Defendants. Felix, 2015 WL 545483, at *2.

## Conclusion

For the reasons stated above, the Court denies Plaintiff's ex parte motion for an order permitting Plaintiff to serve Defendants by publication. The Court grants Plaintiff a thirty-day extension of time to complete service on Defendants.

**IT IS SO ORDERED.**

DATED: August 4, 2022

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT